# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DANIEL LEE LEDFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> *Commissioner of Social Security*, ) <br> ) <br> Defendant. ) | Case No. CV408-143 |

## **ORDER**

Daniel Lee Ledford, confined at Baldwin State Prison, filed a complaint with this Court and a motion to proceed *in forma pauperis* on July 25, 2008, followed by an "affidavit in support" of his complaint on September 17, 2008. (Docs. 1, 2 & 6.) The Court originally construed the complaint as a petition for the review of a social security benefit denial, but upon further inspection the Court has determined that Ledford's complaint should be construed as a petition for mandamus under 28 U.S.C. § 1361. On September 4, 2008, the Court granted

Ledford leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. (Doc. 3.) Ledford has returned both forms; the case, therefore, is ready to proceed. (Docs. 4 & 5.)

I.  **LEGAL FRAMEWORK**

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement that courts conduct an early screening in all civil cases of any complaint in which the prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Therefore, the Court will examine Ledford's complaint to determine whether he has stated a colorable claim for relief.

## II. BACKGROUND FACTS

Ledford alleges that he is being wrongfully denied review of an administrative law judge's (ALJ) decision on his claim for disability benefits. (Docs. 1 & 6.) According to his complaint, Ledford filed his application for a period of disability and disability insurance and social security income on March 26, 1999. (Doc. 1 at 1.) He claimed that his disability began sometime in December 1997. (Id. at 2.) The first ALJ to review his claim issued a "partially favorable" decision, finding that although Ledford met the requirements to be considered disabled beginning December 1997, he was not entitled to benefits until the date his incarceration began because he had been using alcohol during that time period until he entered prison, and the alcohol use likely contributed to his disability. (Doc. 6 at 3.) Since disability benefits are suspended for any time period during which a beneficiary is incarcerated, Ledford would not be entitled to begin collecting benefits unless and until he is released.

On April 8, 2004, Ledford requested review of this decision by the Social Security Administration Appeals Council. (Doc. 1 at 2.) On

September 16, 2005, the Appeals Council denied his request for review. (Id.) He then filed a complaint and request for court review in the Middle District of Georgia. (Id.) The district court reviewed the record and ultimately reversed and remanded the ALJ's decision. (Id.) As a result, the claim was reviewed in June 2007 by a second ALJ, who also rendered a "partially favorable" decision, though on quite different grounds. (Id.) The second ALJ found that the use of alcohol should not have been considered a disqualifying factor by the original ALJ; however, the second ALJ concluded that Ledford should not be considered disabled at all.[1] (Doc. 6 at 4-5.) As a result, Ledford was again denied benefits. (Doc. 1 at 4.)

Ledford alleges that the next month (July 2007), he filed a request with the Appeals Council for review of the second ALJ's decision. (Doc. 1 at 4.) He claims that since then, however, he has been ignored by the Appeals Council. (Doc. 1 at 4-5.) Not only has he not received a confirmation of or a decision on his request, but he has also been unsuccessful in his attempts to make additional contact with the Social

---

[1] The Court notes that there is some discrepancy between plaintiff's initial complaint and his affidavit regarding the basis of the "partially favorable" decision rendered by the second ALJ. (Docs. 1, 6.) At this early ("initial review") stage in the case, however, the discrepancy does not affect the plaintiff's ability to state a claim.

4

Security Administration concerning his case. (Doc. 1 at 5.) He claims to have written "the Appeals Council, the General Assembly, the Office of Central Operations, and the branch offices in Albany, Marietta, and Macon" to no avail. (Doc. 1 at 5.)

Ledford seeks relief from the "discrimination, deliberate indifference, and denial of due process" he has suffered. (Doc. 6 at 7.) He desires that the defendant be "held accountable under all applicable state and federal laws" and that the defendant "honor [its] own guidelines" in affording a proper review of his claim. (Id. at 8.)

## III. ANALYSIS

Ledford, a pro se plaintiff, does not espouse any particular cause of action upon which he bases his claim. He appears primarily concerned with the inconsistent decisions and the standstill to which his case currently has been brought, which he blames on "stalling" by the defendant. (Doc. 1 at 6.) The specific form of relief the Court presumes that he seeks is to have the review process in his case resumed by having appropriate action taken on his Appeals Council request.

To have a request considered by the Appeals Council, a plaintiff must file his request "within 60 days after [he] receives notice of the hearing decision or dismissal" by the ALJ. 20 C.F.R. § 404.968. Because Ledford alleges that his request was filed within the month following the second ALJ's decision, there currently appear to be no timeliness grounds upon which the Appeals Council could have based a refusal to review. The Council, therefore, is expected to take some action—a denial, a dismissal, or a grant of review or remand—on the request. See generally Dietsch v. Schweiker, 700 F.2d 865 (2nd Cir. 1983) (holding that the Commissioner, via the Appeals Council, has a nondiscretionary duty to deny or review plaintiff's timely request). Moreover, Ledford had a right to be informed of any decision the Council reached. 20 C.F.R. § 404.967 ("[T]he appeals council shall notify the parties at the their known address of the action it takes.").

It appears that the Appeals Council refuses to make any final decision on Ledford's request for review. As a result, Ledford could be held to have not exhausted his administrative procedures on the claim, which could bar judicial review that may otherwise be available to him. Mathews v. Eldridge, 424 U.S. 319, 327-30 (1976) (interpreting 42 U.S.C.

§ 405(g) to require that administrative procedures be exhausted before judicial review of an individual's claim for Social Security benefits becomes available).

Although the Eleventh Circuit does not appear to have addressed the proper response to this situation, many other jurisdictions have examined situations where the Appeals Council has failed to act on a plaintiff's request for review. While the Supreme Court has yet to determine whether mandamus jurisdiction is appropriate to review SSA procedures, multiple circuits have held it proper. Under 28 U.S.C. § 1361, mandamus will issue when three basic elements co-exist: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy is available. These circuits have found mandamus proper in situations like Ledford's because: (1) plaintiffs who have filed a *timely* request for Appeals Council review have a clear right to a decision (either a denial of the request or a review of the case); (2) an action seeking to compel the Appeals Council to perform its duties with respect to a timely request (i.e., either deny the request or review the case) is procedural in nature, is nondiscretionary, and does not involve a

determination of the merits; and (3) claimants in these situations have no other avenues for review. See Dietsch, 700 F.2d at 868; Burnett v. Bowen, 830 F.2d 731, 737-39 (7th Cir. 1987); Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003); see also Caswell v. Califano, 435 F. Supp. 127, 133 (D. Me. 1977) (same holding and reasoning, but in context of compelling SSA to promptly provide a hearing before an ALJ upon an appeal from an initial denial of social security disability benefits).

Here, Ledford alleges that the hearing before the second ALJ was held on June 18, 2007, and that he submitted his request for review of the ALJ's decision in July 2007. Although he does not provide exact dates for his receipt of the decision and his filing of the request, even if he received the ALJ's decision on June 18 (the earliest possible date) and filed his request on the last day of July, clearly no more than 60 days could have elapsed between the two. If Ledford's claim that his request was timely made is true, then this Court may consider this action and determine whether mandamus is appropriate.

## IV. CONCLUSION

As a result, the Court finds that the facts, as stated by Ledford and read in a way most favorable to him, state a cognizable claim on which relief may be granted. Service upon the defendant is proper at this time. Accordingly the Clerk is **DIRECTED** to forward a copy of the complaint to the Marshal for service upon defendant.

**SO ORDERED** this  8th  day of December, 2008.

s/ G. R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**