# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DANIEL LEE LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-143 |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Daniel Lee Ledford filed this appeal of the Social Security Commissioner's decision to deny his Social Security disability benefits claim. Doc. 3. Ledford now moves the Court for leave to amend his Complaint. Doc. 9. While his proposed amendment appears to be frivolous (at bottom, he seeks to sue everyone in the decision-chain that led up to his benefits denial), no answer or responsive pleading has been filed, so leave to amend is not necessary. *See* Fed. R. Civ. P. 15(a)(1)(A). Hence, his motion (doc. 9) is **DENIED** as moot. His motion for entry of default (doc. 25) also is **DENIED**, since the time within which the Commissioner must file an answer has not yet elapsed. *See* doc. 23.

The Court also **DENIES** Ledford's "Motion for Request for Jury Trial" (doc. 10), as such motions are not required under Fed.R.Civ.P 38(b), and in any event no jury trial right exists in this case, which is an *appeal*.[1]

Finally, Ledford moves for appointment of counsel. Doc. 11. Although such appointments are sometimes made, *see, e.g., Greene v. Commissioner of the Social Sec. Admin.*, 194 F.Appx. 415, 416 (9th Cir. 2006) ("We recommend, but do not require, that the district court on remand appoint counsel with experience in social security disability matters for Greene"), they are not the norm. *See, e.g., Thompson v. Commissioner, Social Sec. Admin.*, 66 Fed.Appx. 686, 687 (4th Cir. 2006) ("We also deny Thompson's motion for appointment of counsel"); *Mendoza v. Social Security Com'r.*, 92 Fed.Appx. 3, 4 (D.C.Cir. 2004) (" Nor did the district court abuse its discretion by failing to appoint counsel pursuant to 28 U.S.C. § 1915. The appointment of counsel would not have affected the outcome given the record before the agency.").

This is not to say that the decision is made flippantly. *See Machadio v. Apfel*, 276 F.3d 103, 107-08 (2nd Cir. 2002) (In determining whether to

---

[1] Indeed, "[t]he court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner." *Harland v. Astrue*, 2008 WL 5137802 at * 1 (M.D.Ga. 12/5/08) (unpublished).

appoint counsel for an indigent litigant, district court should first consider whether the indigent's position seems likely to be of substance, and then assess the litigant's competence to proceed *pro se*, the complexity of the issues, and additionally any special reason in that case why appointment of counsel would be more likely to lead to a just determination). But given the development of the case thus far, the Court will apply the reasoning set forth in a Fifth Circuit, social security case:

> Generally, "[c]ounsel will be appointed in civil cases only in exceptional circumstances." *Richardson v. Henry*, 902 F.2d 414, 427 (5th Cir.1990); *see Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). Because of the limited nature of this court's review and [the claimant's] ability to prepare *pro se* pleadings, we find she is capable of adequately presenting her appeal. Her circumstances are not exceptional, and her motion for appointment of counsel is denied.

*Gore v. Barnhart*, 2002 WL 31688907 at * 1 (5th Cir. Oct. 29, 2002) (unpublished). The Court will reconsider this decision, upon Ledford's renewed motion, after this case is further developed.

Accordingly, the Court **DENIES** motions 9, 10, 11 and 25.

**SO ORDERED** this 9th day of February, 2009.

/s/ J.C. Smitt

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA