# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DANIEL LEE LEDFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV408-143 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Defendant moves to dismiss plaintiff's petition for mandamus as moot. (Doc. 28.) Rather than responding to defendant's motion to dismiss, social security disability claimant Daniel Lee Ledford moves to supplement his pleadings under Fed.R.Civ.P. 15(d). (Doc. 30).

Plaintiff originally sought mandamus relief to compel the Social Security Appeals Council to hear his claim, (doc. 1, 14), the Council has since done so, and thus the Commissioner now insists in a pending motion to dismiss that Ledford's case is moot. (Doc. 28.) Ledford agrees that his original claim is moot but deems the Council's hearing an "event that

happened after the date of the pleading to be supplemented[,]" Rule 15(d),[1] and thus seeks leave to amend his complaint to challenge the Council's decision denying his disability claim.[2] Claimant would like to be spared the expense of having file a whole new case to appeal the Council's decision. (Doc. 30.)

Under Rule 15(d), leave to permit a supplemental pleading is "favored" but "'cannot be used to introduce a separate, distinct, and new cause of action,' *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir.1997) (per curiam) (internal quotation marks omitted)." *In re Exxon Valdez*, 2009 WL 605900 at * 2 (9th Cir. Mar. 10, 2009) (unpublished). Nor is it warranted where a case has progressed through considerable discovery. *Schwarz v. Treasure Island*, 544 F.3d 1201, 1229

---

[1] That rule states in its entirety:

> (d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Rule 15(d).

[2] The motion to amend is timely under Local Rule 16.3, since it was filed within a week of defendant's first responsive pleading (its motion to dismiss).

2

(11th Cir. 2008) (no abuse of discretion in refusing to allow property owner to supplement complaint and to expand scope of its lawsuit by asserting entirely new theory of recovery at late date, particularly where discovery was already well underway and property owner could raise the new claims in another lawsuit). But given the growth of this action since the initial petition for mandamus along with the lack of prejudice to the defendant here,[3] the Court sees no reason to deny plaintiff's motion to supplement.

For all of the reasons explained above, plaintiff's petition for mandamus should be **DENIED** as moot. (*See* doc. 28, unopposed motion to dismiss claim for mandamus). But the Court **GRANTS** plaintiff Daniel Lee Ledford's motion to supplement his pleadings. (Doc. 30.) Defendant shall have 30 days from the date of the entry of this Report and Recommendation to respond to the pleadings as supplemented.

**SO REPORTED AND RECOMMENDED,** this __8th__ day of April, 2009.

/s/ JMSmitt

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Defendant insists that a petition for mandamus is not the type of "pleading" that can be amended under Fed. R. Civ. P. 15(d). Defendant is mistaken. Rule 81(b) abolished actions for writs of mandamus, instead holding that mandamus may only be "obtained by appropriate action or motion under these rules." That, in turn, indicates that such a writ must be sought through the filing of a complaint, as it was here. (Doc. 1.) Since plaintiff has filed a complaint--a "pleading" under Rule 7--it may be amended or supplemented under the applicable provisions of the Federal Rules of Civil Procedure.